## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANIEL REGARD,                          )
                                        )
    Plaintiff,                       )
                                        )          Case No.:  1:09-cv-00055-RMU
    v.                               )
                                        )
LECG, LLC, LECG CORPORATION             )
DEFERRED COMPENSATION PLAN FOR          )
EMPLOYEES and LECG CORPORATION          )
DEFERRED COMPENSATION PLAN FOR          )
EMPLOYEES PLAN COMMITTEE,               )
                                        )
    Defendants.                      )

## ANSWER OF LECG, LLC, LECG CORPORATION DEFERRED COMPENSATION PLAN FOR EMPLOYEES AND LECG CORPORATION DEFERRED COMPENSATION PLAN FOR EMPLOYEES PLAN <u>COMMITTEE  TO THE COMPLAINT</u>

Defendants LECG, LLC, LECG Corporation Deferred Compensation Plan for Employees

(the "Plan") and LECG Corporation Deferred Compensation Plan for Employees Plan

Committee (the "Committee") (hereinafter collectively referred to as "LECG") hereby file their

Answer to the Complaint of Plaintiff Daniel L. Regard ("Regard"), and state as follows:

### <u>NATURE OF THIS CONTROVERSY</u>

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint.

### <u>JURISDICTION AND VENUE</u>

2.      Paragraph 2 of the Complaint contains jurisdictional allegations which require no

response from Defendants.

3.      Paragraph 3 of the Complaint contains allegations related to venue which require

no response from Defendants.

## THE PARTIES

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit that defendant, Plan is an unfunded plan whose purpose is to provide benefits to a select group of management or highly compensated Employees and that such are commonly referred to as "Top Hat" plans.  Defendants deny the remaining allegations and inferences contained in paragraph 6 of the Complaint.

7.      Defendants admit that defendant, Committee is the administrator of the Plan. Defendants deny the remaining allegations and inferences contained in paragraph 7 of the Complaint.

## BACKGROUND FACTS

8.      Defendants admit defendant, LECG, LLC is a consulting group that provides, *inter alia*, expert witness services in a variety of fields with offices throughout the United States and abroad.  Defendants deny the remaining allegations and inferences contained in paragraph 8 of the Complaint.

9.      Defendants are without sufficient knowledge and information so as to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore, neither admit or deny same, but demand strict proof thereof.

10.      Defendants admit that LECG undertook to develop an electronic discovery practice group in or about 2004 and as part of that undertaking, recruited Plaintiff.  Defendants deny the remaining allegations and inferences contained in paragraph 10 of the Complaint.

11.     Defendants admit that LECG recruited Regard to be a part of its e-Discovery Practice in 2004.  Defendants deny the remaining allegations and inferences contained in paragraph 11 of the Complaint.

12.     Defendants admit that LECG and Regard negotiated the terms of an employment agreement in 2004 and that Plaintiff's contract originally was based on a salary plus bonus compensation model.  Defendants deny the remaining allegations and inferences contained in paragraph 12 of the Complaint.

13.     Defendants admit that Regard joined LECG on August 2, 2004.  Defendants further state that the document referenced in Paragraph 13 and attached to the Complaint as "Exhibit A" is a copy of the 2004 Managing Director Agreement between LECG and Plaintiff. The document speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

14.     Defendants state that the document referenced in Paragraph 14 and attached to the Complaint as "Exhibit A" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.  Defendants further deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendants state that the document referenced in Paragraph 15 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

16.     Defendants state that the document referenced in Paragraph 16 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

17.     Defendants admit that LECG made signing bonus payments and company contributions to the deferred compensation plan in October 2004 and August 2005, 2006 and

2007.  Defendants deny the remaining allegations and inferences contained in paragraph 17 of the Complaint.

18.     Defendants state that the document referenced in Paragraph 18 and attached to the Complaint as "Exhibit A" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

19.     Defendants admit that David Kaplan discussed, with Regard, modifications to Regard's compensation structure in 2005.  Defendants state the terms of Regard's compensation are set forth in documents which speak for themselves.  Defendants deny the remaining allegations and inferences contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants state the terms of Regard's compensation are set forth in documents which speak for themselves.  Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants state that the document referenced in Paragraph 24 and attached to the Complaint as "Exhibit B" is a document executed by Plaintiff and LECG.  The document speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.  Defendants further deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendants state that the document referenced in Paragraph 25 and attached to the Complaint as "Exhibit B" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

26.     Defendants state that the document referenced in Paragraph 26 and attached to the Complaint as "Exhibit A" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.  Defendants further deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants state that the document referenced in Paragraph 31 and attached to the Complaint as "Exhibit B" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.  Defendants further deny the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants admit Michael Jeffery became Chief Operating Officer of LECG in February, 2007, that he has served on LECG's Board of Directors since 2003, and was a member of LECG's compensation committee at one time.  Defendants deny the remaining allegations and inferences contained in paragraph 39 of the Complaint.

40.     Defendants admit that Mr. Jeffery met with Regard in October, 2006.  Defendants deny the remaining allegations and inferences contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants admit that LECG approved an EDP budget in 2006 and 2007. Defendants deny the remaining allegations and inferences contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

a.     Defendants deny the allegations contained in Paragraph 44a of the Complaint.

b.     Defendants deny the allegations contained in Paragraph 44b of the Complaint.

c.     Defendants deny the allegations contained in Paragraph 44c of the Complaint.

d.     Defendants deny the allegations contained in Paragraph 44d of the Complaint.

e.     Defendants deny the allegations contained in Paragraph 44e of the Complaint.

f.     Defendants deny the allegations contained in Paragraph 44f of the Complaint.

g.     Defendants deny the allegations contained in Paragraph 44g of the Complaint.

      h.      Defendants deny the allegations contained in Paragraph 44h of the Complaint.

      i.      Defendants deny the allegations contained in Paragraph 44i of the Complaint.

      j.      Defendants deny the allegations contained in Paragraph 44j of the Complaint.

45.      Defendants admit that LECG provided an "executive coach" to assist Regard. Defendants deny the remaining allegations and inferences contained in paragraph 45 of the Complaint.

46.      Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.      Defendants state that the document referenced in Paragraph 47 and attached to the Complaint as "Exhibit B" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

48.      Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.      Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.      Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.      Defendants state that the document referenced in Paragraph 51 and attached to the Complaint as "Exhibit C" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.  Defendants deny the remaining allegations and inferences contained in paragraph 51 of the Complaint.

52.      Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.    Defendants state that the document referenced in Paragraph 53 and attached to the Complaint as "Exhibit C" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants admit that Regard owed LECG a draw deficit in the amount of $687,880.64.  Defendants deny the remaining allegations and inferences contained in paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.    Defendants admit that the Plan Committee distributed $1,555,094.77 ($978,688.02 after taxes) to Regard on January 25, 2008.  Defendants deny the remaining allegations and inferences contained in paragraph 58 of the Complaint.

59.    Defendants admit that Regard elected to participate in the LECG Plan. Defendants state that the document referenced in Paragraph 59 and attached to the Complaint as "Exhibit D" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

60.    Paragraph 60 of the Complaint contains legal conclusions which require no response from Defendants.

61.    Defendants state that the document referenced in Paragraph 61 and attached to the Complaint as "Exhibit D" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

62.    Defendants admit that the Plan is administered by the Plan Committee. Defendants further state that the document referenced in Paragraph 62 and attached to the

Complaint as "Exhibit D" speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants admit that the Plan Committee distributed $1,555,094.77 ($978,688.02 after taxes) to Regard on January 25, 2008.  Defendants deny the remaining allegations and inferences contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants admit that Plaintiff filed a notice of claim on February 8, 2008. Defendants further state that the document referenced in Paragraph 66 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

67.     Defendants state that the document referenced in Paragraph 67 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

68.     Defendants state that the statute referenced in Paragraph 68 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

69.     Defendants admit that Marvin Tenenbaum responded to Regard on or about April 21, 2008.  Defendants further state that the document referenced in Paragraph 69 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.  Defendants further deny the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants state that the document referenced in Paragraph 71 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.  Defendants further deny the remaining allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants state that the document referenced in Paragraph 73 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

a.     Defendants state that the document referenced in Paragraph 73a speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

b.     Defendants state that the document referenced in Paragraph 73b speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

c.     Defendants state that the document referenced in Paragraph 73c speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

d.     Defendants state that the document referenced in Paragraph 73d speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

e.     Defendants state that the document referenced in Paragraph 73e speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

f.     Defendants state that the document referenced in Paragraph 73f speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants admit that Marvin Tenenbaum responded to Regard on or about August 15, 2008.  Defendants further state that the document referenced in Paragraph 77 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom. Defendants deny the remaining allegations and inferences contained in paragraph 77 of the Complaint.

## COUNT I
### (Breach of Contract Against LECG)

78.    Defendants incorporate by reference their answers to Paragraphs 1 through 77 above.

79.    Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.    Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.    Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in Paragraph 82 of the Complaint.

a.    Defendants deny the allegations contained in Paragraph 82a of the Complaint.

b.    Defendants deny the allegations contained in Paragraph 82b of the Complaint.

c.    Defendants deny the allegations contained in Paragraph 82c of the Complaint.

d.    Defendants deny the allegations contained in Paragraph 82d of the Complaint.

e.    Defendants deny the allegations contained in Paragraph 82e of the Complaint.

f.    Defendants deny the allegations contained in Paragraph 82f of the Complaint.

g.    Defendants deny the allegations contained in Paragraph 82g of the Complaint.

h.    Defendants deny the allegations contained in Paragraph 82h of the Complaint.

   i.  Defendants deny the allegations contained in Paragraph 82i of the Complaint.

  83.  Defendants deny the allegations contained in Paragraph 83 of the Complaint.

   a.  Defendants deny the allegations contained in Paragraph 83a of the Complaint.

   b.  Defendants deny the allegations contained in Paragraph 83b of the Complaint.

   c.  Defendants deny the allegations contained in Paragraph 83c of the Complaint.

   d.  Defendants deny the allegations contained in Paragraph 83d of the Complaint.

   e.  Defendants deny the allegations contained in Paragraph 83e of the Complaint.

   f.  Defendants deny the allegations contained in Paragraph 83f of the Complaint.

   g.  Defendants deny the allegations contained in Paragraph 83g of the Complaint.

   h.  Defendants deny the allegations contained in Paragraph 83h of the Complaint.

   i.  Defendants deny the allegations contained in Paragraph 83i of the Complaint.

   j.  Defendants deny the allegations contained in Paragraph 83j of the Complaint.

k.      Defendants deny the allegations contained in Paragraph 83k of the Complaint.

## COUNT II
### (Breach of Implied Duty of Good Faith And Fair Dealing Against LECG)

84.     Defendants incorporate by reference their answers to Paragraphs 1 through 83 above.

85.     Paragraph 85 of the Complaint contains legal conclusions which require no response from Defendants.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

## COUNT III
### (Negligent Misrepresentation Against LECG)

88.     Defendants incorporate by reference their answers to Paragraphs 1 through 87 above.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants admit that LECG approved an EDP budget in 2006 and 2007. Defendants deny the remaining allegations and inferences contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

## COUNT IV
### (Breach of Implied Contract/Unjust Enrichment Against LECG)

98.     Defendants incorporate by reference their answers to Paragraphs 1 through 97 above.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

## COUNT V
### (Quantum Meruit Against LECG)

105.    Defendants incorporate by reference their answers to Paragraphs 1 through 104 above.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint.

## COUNT VI
### (Detrimental Reliance/Promissory Estoppel Against LECG)

109.    Defendants incorporate by reference their answers to Paragraphs 1 through 108 above.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint.

## COUNT VII

### (Claim Under ERISA, 29 U.S.C. § 1132(a)(1)(B))

114.    Defendants incorporate by reference their answers to Paragraphs 1 through 113 above.

115.    Defendants state that the statute referenced in Paragraph 115 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

## COUNT VIII
### (Claim Under ERISA, 29 U.S.C. § 1133)

118.    Defendants incorporate by reference their answers to Paragraphs 1 through 117 above.

119.    Defendants state that the statute referenced in Paragraph 119 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants admit that Marvin Tenenbaum responded to Regard on or about April 21, 2008.  Defendants further state that the document referenced in Paragraph 122 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.  Defendants further deny the remaining allegations contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

## COUNT IX
### (Claim Under ERISA, 29 U.S.C. § 1024(b)(4))

126.    Defendants incorporate by reference their answers to Paragraphs 1 through 125 above.

127.    Defendants state that the statute referenced in Paragraph 127 speaks for itself and Defendants deny any and all inferences or allegations derived therefrom.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is estopped from bringing the claims in the Complaint.

### Third Affirmative Defense

Plaintiff's claims are barred by laches.

### Fourth Affirmative Defense

Plaintiff has waived his right to assert the claims stated in the Complaint.

### Fifth Affirmative Defense

Plaintiff has failed to prove that he has suffered any harm as a direct and proximate result of conduct attributed to defendants.

### Sixth Affirmative Defense

Plaintiff is barred from recovery under the doctrine of unclean hands.

<u>**Seventh Affirmative Defense**</u>

Defendants reserve the right to assert the defense of the statute of limitations, if discovery discloses a basis therefore.

<u>**Eighth Affirmative Defense**</u>

The plaintiff's claims may be barred by the doctrine of waiver, release, accord and satisfaction.

<u>**Ninth Affirmative Defense**</u>

The plaintiff's claims may be barred by the legal defenses of concealment, illegality, mistake, misrepresentation and fraud.

<u>**Tenth Affirmative Defense**</u>

The plaintiff's claims may be barred by plaintiff's failure to meet a condition precedent.

<u>**Eleventh Affirmative Defense**</u>

The plaintiff's claims are preempted in whole, or in part, by the Employee Retirement Income Security Act ("ERISA").

<u>**Twelfth Affirmative Defense**</u>

Defendants assert all appropriate defenses which may be asserted, further deny all allegations not specifically responded to, and further reserve the right to plead additional defenses as appropriate, including but not limited to subject matter and personal jurisdiction and venue.

WHEREFORE, Defendants LECG, LLC, LECG Corporation Deferred Compensation Plan for Employees and LECG Corporation Deferred Compensation Plan for Employees Plan Committee hereby requests this honorable court to (1) enter judgment in its favor against Plaintiff on all counts of the Complaint; (2) dismiss with prejudice all counts of the Complaint;

(3) deny the request for relief sought by Regard; (4) award attorney's fees and costs incurred in defending this action; and (5) grant such other further relief as this court deems just and proper.

### DEFENDANT/COUNTER-PLAINTIFF LECG, LLC, 'S COUNTER-CLAIM AGAINST DANIEL REGARD

Defendant/Counter-Plaintiff LECG ("LECG"), by undersigned counsel, and pursuant to F.R.C.P. 13, hereby files this Counter-Claim against Plaintiff/Counter-Defendant Daniel Regard ("Regard"), and in support thereof states as follows:

### PARTIES

1.      Defendant/Counter-Plaintiff  LECG is a limited liability company formed under the laws of the State of California registered to do business in the District of Columbia.  LECG conducts business from its office located at 1725 Eye Street NW, #800, Washington, D.C. 20006-2408.

2.      As set forth in the Complaint, Plaintiff/Counter-Defendant Regard is a resident of the District of Columbia.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between Defendant/Counter-Plaintiff and Plaintiff/Counter-Defendant, and the amount in controversy is greater than $75,000 exclusive of interests and costs.

4.      This Court has personal jurisdiction over the Plaintiff/Counter-Defendant, because Plaintiff/Counter-Defendant regularly transacts business in the District of Columbia.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391, because the Plaintiff/Counter-Defendant resides in this judicial district and defendant is subject to personal jurisdiction in this judicial district.

## FACTUAL ALLEGATIONS

6.      On or about August 2, 2004, Defendant/Counter-Plaintiff LECG hired Regard as a Director in its Washington, D.C. office.

7.      As a condition of his employment with LECG, Mr. Regard executed an Employment Agreement on or about August 23, 2004.  A true and accurate copy of the Employment Agreement is attached to the Complaint as Exhibit A and incorporated herein by reference.

8.      The Employment Agreement provided that "You agree that in the event of your departure from LECG, LECG is authorized to deduct any amounts you owe to LECG including, but not limited to, the amount due for the repayment of the unamortized signing bonus discussed above, from any unpaid amounts, including, but not limited to, compensation owed to you at the time of your departure."  *See* Exhibit A attached to the Complaint.

9.      On January 9, 2006, Regard executed a Compensation Agreement with LECG. The Compensation Agreement amended certain terms of the Employment Agreement.  A true and accurate copy of the Compensation Agreement is attached to the Complaint as Exhibit B. (The Employment Agreement and Compensation Agreement are collectively referred to herein as the "Director Agreement").

10.      According to the terms and conditions of the Compensation Agreement, Regard received draws twice each month.  *See* Exhibit B attached to the Complaint.

11.     The Compensation Agreement provided that "The amount of draws paid during the measurement period will be deducted, as will draw deficits from the end of the previous measurement period, if any.  Compensation earned but unpaid to a Participant who is terminated from LECG for any reason other than cause will be paid under the same schedule." *See* Exhibit B attached to the Complaint.

12.     The Compensation Agreement further provided that draw deficit balances as of the commencement of the Compensation Agreement would not be deducted from compensation until the first payment following the one-year anniversary of the Compensation Agreement. *See* Exhibit B attached to the Complaint.

13.     By executing the Director Agreement with LECG, Regard agreed to repay to LECG any draw deficit at the end of a calendar year.

14.     By executing the Director Agreement with LECG, Regard agreed to repay to LECG any draw deficit should his employment be terminated for any reason other than cause.

15.     On December 13, 2007 Mr. Regard's employment with LECG was terminated. Regard's last day of employment with LECG was December 31, 2007.

16.     Following the cessation of his employment with LECG, Regard was notified that the total amount due and owing by Regard to LECG representing the excess draw amount was $687,880.64.

17.     Regard has failed to pay LECG the amount owed under the Director Agreement.

## COUNT I
**(Breach of Contract)**

18.     Defendant/Counter-Plaintiff  incorporates by reference all of the allegations in each of the foregoing paragraphs.

19.    Under the terms of the parties' Director Agreement, Regard agreed that any draw deficit amounts must be repaid to LECG.

20.    LECG fully performed its obligations under the parties' Director Agreement.

21.    Regard breached the parties' Director Agreement by failing to pay LECG the amount due and owing under his Director Agreement with LECG.

22.    As a direct, proximate and foreseeable consequent of Mr. Regard's breach of contract, LECG has suffered financial damages, in the amount of at least $687,880.64.

**COUNT II**
**(Unjust Enrichment)**

23.    Defendant/Counter-Plaintiff  incorporates by reference all of the allegations in each of the foregoing paragraphs.

24.    LECG provided annual draws to and for the benefit of Regard.

25.    Regard accepted the benefits of the annual draws that LECG provided to and for the benefit of Regard.

26.    As required pursuant to the parties' Director Agreement, Regard failed to repay to LECG the excess draw amounts at the time of cessation of employment.

27.    Regard's acceptance and retention of this money is inequitable.

28.    LECG is entitled to recovery of the excess draw amounts conferred on Regard.

WHEREFORE, Defendant/Counter-Plaintiff, LECG incorporates all Counts alleged herein and demands judgment in its favor and against Plaintiff/Counter-Defendant, in the amount of at least $687,880.64, together with pre-judgment and post-judgment interest, costs and any further relief that the Court deems appropriate.

Respectfully submitted,

**ECKERT SEAMANS CHERIN
  & MELLOTT, LLC**


By:    _____*Edward R. Noonan*_____
       Edward R. Noonan (#314328)

       _____*Mark A. Johnston*_____
       Mark A. Johnston (#455764)
       1747 Pennsylvania Avenue, NW
       Suite 1200
       Washington, DC  20006
       (202) 659-6600

       *Counsel for Defendant/Counter-Plaintiff LECG,
       LLC, and Defendants LECG Corporation Deferred
       Compensation Plan for Employees and LECG
       Corporation Deferred Compensation Plan for
       Employees Plan Committee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Answer of Defendants LECG, LLC, LECG Corporation Deferred Compensation Plan for Employees and LECG Corporation Deferred Compensation Plan for Employees Plan Committee and Counter-Claim of Defendant/Counter-Plaintiff LECG, LLC** was electronically served this 10th day of March, 2009, to:

> Anthony James Pagano
> Venable, LLP
> 8010 Towers Crescent Drive, Suite 300
> Vienna, VA 22182

> *Edward R. Noonan*
> Edward R. Noonan