UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL REGARD and NEAL B. LAWSON ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LECG, LLC, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. No.1:09-cv-00055 BAH |

**PLAINTIFFS' UNCONTESTED MOTION FOR CONSOLIDATION
AND INCORPORATED MEMORANDUM IN SUPPORT**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiffs Daniel L. Regard and Neal B. Lawson ("Plaintiffs") hereby move to consolidate *Daniel Regard v. LECG*, Civil Action No. 1:09-cv-00055 BAH (the "DC Action") for all purposes with a related case, *LECG Corporation v. Abdala,* Civil Action No. 1:12-cv-01101-JDB (said case was transferred on July 5, 2012 to this Court from the United States District Court for the Eastern District of Pennsylvania, where it was known as Case No. 2:11-cv-03247 (the "PA Action")).  As required by Local Rule 7(m), counsel for Plaintiffs have conferred with counsel for LECG and Great Hill about this motion, who have indicated that they do not oppose consolidation of the DC Action and PA Action for all purposes.

**I.    BACKGROUND**

On January 9, 2009, Daniel Regard and Neal Lawson filed separate complaints with this Court alleging claims for breach of contract, breach of the implied duty of good faith and fair dealing, negligent misrepresentation, breach of an implied contract, *quantum meruit*, promissory estoppel, a claim for plan benefits under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), as well as a claim by Regard for failure to timely provide requested ERISA Plan documents.

ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).  The parties filed a Joint Motion to Consolidate on February 12, 2010, which was granted by Judge Ricardo M. Urbina's February 15, 2010 Minute Order.

On May 18, 2011, LECG Corporation, LECG, LLC and the LECG Corporation Deferred Compensation Plan ("Plan") Committee (collectively "LECG") filed a lawsuit in Pennsylvania asking the court for a declaration that LECG could recover the Plan's assets so that LECG could use those assets to pay LECG's "general creditors."  LECG's largest creditor is alleged to be its new owner, Great Hill Partners, LLC; Great Hill Investors, LLC; Great Hill Equity Partners III, LP; Great Hill Partners GP III, LP; GHP III, LLC; Christopher S. Gaffney; John G. Hayes; and Matthew T. Vettel (hereinafter collectively referred to as "Great Hill").  Great Hill is named as a counter-defendant in the PA Action, and Regard and Lawson are named as defendants.

On February 21, 2012, Regard and Lawson filed an Answer and Counterclaim in the PA Action naming the following Counter-Defendants: LECG Corporation; LECG, LLC; LECG Corporation Deferred Compensation Plan for Employees; LECG Deferred Compensation Plan for Independent Contractors; LECG Corporation Deferred Compensation Plan for Employees Plan Committee; LECG Corporation Deferred Compensation Plan for Independent Contractors Plan Committee; Steven Samek; Warren Barratt; Great Hill Partners, LLC; Great Hill Investors, LLC; Great Hill Equity Partners III, LP; Great Hill Partners GP III, LP; GHP III, LLC; Christopher S. Gaffney; John. G. Hayes; and Matthew T. Vettel.

The recently transferred PA Action and the DC Action involve many of the same parties, the same factual allegations, and the same legal theories.  Both actions involve legal claims concerning the rights of Plaintiffs to receive benefits from the LECG Corporation Deferred Compensation Plan for Employees.  Because the two actions involve many of the same facts and

many of the same parties, and because both actions involve claims concerning the LECG Corporation Deferred Compensation Plan for Employees, they should be consolidated for purposes of discovery, motions practice and trial.

## II.   ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure permits courts to consolidate cases with variations in claims and parties as long as the cases involve a common question of law or fact. *Colbert v. F.B.I.*, 275 F.R.D. 30, 32 (D.D.C. 2011) ("Although these cases have been commenced against different defendants, because all three cases stem from similar allegations . . . these cases contain common questions of law and fact. Consolidation would thus facilitate a more efficient resolution of these cases."); *Nat'l Ass'n of Mort. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) ("cases may be consolidated even where certain defendants are named in only one of the Complaints"); *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21-22 (D.D.C. 2009) (consolidating cases overlapping in different claims).

The DC Action and PA Action involve numerous common questions of law or fact as to whether the Plan was operated as a "top hat" plan under ERISA and whether Plaintiffs Lawson and Regard were properly denied Plan benefits. This Court should exercise its discretion to consolidate these actions because such consolidation will serve the interests of justice. Among other things, consolidation will produce significant savings of time and resources for the Court and the parties. In contrast, having virtually identical cases proceed in a parallel fashion would generate needless duplication of effort.

Consolidation will achieve substantial efficiencies in savings without sacrificing fairness. Discovery in the DC Action is not yet completed, and there is substantial overlap in the

discovery concerning all three cases. As a result, consolidation will not cause the trial in the DC Action to be significantly delayed while discovery is completed in the PA Action. Moreover, assuming the Court decides to consolidate the DC Action with the PA Action, Plaintiffs' attorneys will be able to coordinate closely their discovery of LECG and the Great Hill Defendants. As such, consolidation will make discovery less expensive and more coherent for all parties.

For the foregoing reasons, Plaintiffs Neal Lawson and Daniel Regard respectfully request that this Court consolidate the DC Action, Civil Case No. 1:09-cv-00055, for all purposes with the PA Action, Civil Case No. 1:12-cv-01101-JDB.

DATED: July 20, 2012

Respectfully submitted,

Of Counsel:
James P. Baker (*To Be Admitted PHV*)
Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Tel: (415) 576-3000
Fax: (415) 576-3099
james.baker@bakermckenzie.com

/s/ Jennifer Ancona Semko
Jennifer Ancona Semko (#481119)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
Tel: (202) 835-6138
Fax: (202) 452-7000
jennifer.semko@bakermckenzie.com

*Counsel for Plaintiffs Daniel Regard and Neal Lawson*

*Counsel for Plaintiffs Daniel Regard and Neal Lawson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Edward R. Noonan/Mark Andrew Johnston/
Sarah Shyr
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20006
*Attorneys for LECG*
**By Electronic Filing**


David E. Lurie / Thomas E. Lent /
Sara A. Laroche / Michael Birch
Lurie & Krupp LLP
One McKinley Square
Boston, MA  02109
*Attorneys for LECG*
**By First-Class Mail**

Kristen E. DiMaria
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1735 Market Street, Suite 3450
Philadelphia, PA  19103
*Attorney for Great Hill Investors, LLC; Great Hill Equity Partners III, LP; Great Hill Partners GP III, LP; GHP III, LLC; Great Hill Partners, LLC; Christopher S. Gaffney; John G. Hayes; and Matthew T. Vettel*
**By First-Class Mail**

Marc L. Zaken
Ben Delancy
Ogletree, Deakins, Nash, Smoak & Stewart
1 Stamford Plaza
263 Tresser Blvd, 9th Floor
Stamford, CT 06901
*Attorneys for Great Hill Investors, LLC; Great Hill Equity Partners III, LP; Great Hill Partners GP III, LP; GHP III, LLC; Great Hill Partners, LLC; Christopher S. Gaffney; John G. Hayes; and Matthew T. Vettel*
**By First-Class Mail**

Edward F. Sherry (*Pro Per*)
1450 Fourth, #3
Berkeley, CA  94710-1328
**By First-Class Mail**

**Interested Party:**
Michael J. Prame
Groom Law Group
1701 Pennsylvania Ave., NW
Washington, DC 20006
*Attorneys for Wilmington Trust*
**By First-Class Mail**

Robert Fiedler, Esq.
Vice President and Counsel
Wilmington Trust Corporation
1100 North Market Street
Wilmington, DE 19890-0001
*Attorney for Wilmington Trust*
**By First-Class Mail**


/s/ Jennifer Ancona Semko